Eastern District of Kentucky
F I L E D
MAY 1 1 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-361-GWU

DALLAS BROWN,                                                        PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Disability Insurance Benefits (DIB). The appeal is

currently before the Court on the defendant's motion for summary judgment.[1]

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 CFR 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)? If yes, proceed to Step 3. If no, the
    claimant is not disabled. See 20 CFR 404.1508, 416.908.

---

[1] The plaintiff has not filed a brief in support of his position, despite the terms of orders entered October 8, 2004 and January 12, 2005.

Brown

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 CFR 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 CFR 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.   <u>See</u> 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>

2

Brown

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "more than a mere scintilla[; i]t means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. . ." Wright v.

Massanari, 321 F.3d 611, 614 (6th Cir. 2003) (quoting Kirk v. Secretary of Health

and Human Services, 667 F.2d 524, 535 (6th Cir. 1981). It is based on the record

as a whole and must take into account whatever in the record fairly detracts from

its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact

that the Commissioner has improperly failed to accord greater weight to a treating

physician than to a doctor to whom the plaintiff was sent for the purpose of

gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654,

656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion

is based on objective medical findings.  Cf. Houston v. Secretary of Health and

Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968,

973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on

the trier of fact only if they are not contradicted by substantial evidence to the

contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long

been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner

may assess allegations of pain.  Consideration should be given to all the plaintiff's

symptoms including pain, and the extent to which signs and findings confirm these

3

symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services,

4

Brown

816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Brown

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

6

Brown

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Brown suffered from diabetes and a history of hypertension and was unable to perform past relevant work. (Tr. 18, 21-22). He determined that the plaintiff was able to perform a significant number of light level jobs as identified by a vocational expert (VE). (Tr. 21-22).

The mental/educational factors consistent with the jobs relied upon were: (1) no more than minimal social interactions with coworkers and supervisors, (2) no more than infrequent and superficial interaction with the public, and (3) a "marginal" education. (Tr. 228-229). These were greater functional restrictions than those noted by Gary Maryman (Tr. 130) or those warranted by the "no medically determinable [mental] impairment comments of Medical Reviewers Jane Brake (Tr. 143) and Ilze Sillers (Tr. 158). While Reba Moore did identify more severe restrictions (Tr. 175-176), as a one-time examiner (Tr. 177), her opinion was entitled to superior weight over Maryman's. In addition, the Court notes that Brown's regular treating sources do not appear to focus on the plaintiff's mental status (Tr. 109, 187-200, 203) and, as far as his educational achievement was concerned, as the ALJ

7

Brown

pointed out (Tr. 20), he admitted that he had attended no special classes and had repeated no grades (Tr. 83).    Thus, the mental and educational factors were adequate.

The physical factors considered by the VE included (1) a light exertion lifting capacity, (2) should avoid exposure to temperature extremes and full body vibrations, and (3) an option to change position from sitting to standing at thirty minute intervals. (Tr. 229). Consultative Examiner Stephen Lamb, while crediting the plaintiff from suffering from end organ damage from his diabetes, opined that there was no physical evidence for significant restriction in the patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects or ability to travel. (Tr. 124). The plaintiff's treating sources did not refer to specific functional restrictions (Tr. 132- 140, 187-200, 203).

For these reasons, as well as others noted in the defendant's brief, the decision will be affirmed.

This the _11_ day of May, 2005.

_G. WIX UNTHANK_
SENIOR JUDGE

8